```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| WAYNE S. FARLEY, et al., | : CIVIL ACTION NO. 08-949 (MLC) |
| Plaintiffs, | : **MEMORANDUM OPINION** |
| v. | : |
| SCOTT C. YEAW, et al., | : |
| Defendants. | : |

**THE COURT** ordering the plaintiffs to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action brought (1) on February 21, 2008, (2) against the defendants, Scott C. Yeaw, M.D. ("Yeaw") and Easton-Warren Urology, P.A. ("EWU"), and (3) to recover damages for, inter alia, medical malpractice (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction is lacking); and the plaintiffs (1) asserting jurisdiction under Section 1332, and (2) bearing the burden of demonstrating jurisdiction (Compl., at 2), see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**IT APPEARING** that the plaintiffs are Pennsylvania citizens (Compl., at 1); but the plaintiffs merely alleging that Yeaw "is a physician licensed to practice medicine in the State of New Jersey who, upon information and belief, conducts his practice [in] New

Jersey", and "[u]pon information and belief, [is a] resident[] of New Jersey" (id. at 1-2); and it appearing that allegations as to where Yeaw resides, is licensed, or has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship", Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and it appearing that the plaintiffs made their allegations concerning Yeaw's citizenship upon information and belief, and thus "do[] not convince the Court that there is diversity among the parties", Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999); and the Court advising the plaintiffs that they failed to properly allege Yeaw's citizenship, and must demonstrate Yeaw's citizenship "affirmatively and distinctly" (OTSC, at 2), S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006); and the Court also advising the plaintiffs that they had improperly alleged EWU's citizenship (OTSC, at 2-3); and

**THE COURT**, due to the plaintiffs' deficient allegations, being unable to determine if they are deemed "citizens of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo

Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising the plaintiffs of the intention to dismiss the complaint for lack of jurisdiction unless the plaintiffs properly (1) alleged Yeaw's citizenship — including his specific home address — on February 21, 2008, with supporting documentation, (2) alleged EWU's nature of ownership and citizenship on February 21, 2008, with supporting documentation, and (3) demonstrated that jurisdiction exists (OTSC, at 3); and the Court providing specific instructions on how to demonstrate citizenship (id. at 3-4); and the Court further advising the plaintiffs that any dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (id. at 4), see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE PLAINTIFFS**, in response to the Order to Show Cause, demonstrating that EWU is a New Jersey corporation with its principal place of business in New Jersey, and thus is deemed to be a New Jersey citizen only (dkt. entry no. 4, Pl. Cert., at 2 & Ex. A), see 28 U.S.C. § 1332(c)(1); but the plaintiffs admitting that Yeaw, who is listed in the caption as a defendant, is a Pennsylvania citizen (Pl. Cert., at 2); and thus it appearing that the plaintiffs are not citizens of a different state in

relation to each defendant, i.e., Yeaw; and the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to recommence the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.[1]


                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

**Dated:**    March 31, 2008

---

[1] The plaintiffs argue that (1) Yeaw is "an officer of [EWU]", and "[h]ence, the question that arises is whether a member of a New Jersey professional corporation that is a citizen of the same state as the plaintiffs, defeats diversity of citizenship", and (2) "a professional corporation should be treated like any other corporation, rendering the individual members' citizenship irrelevant", and cite in support Hoagland v. Sandberg, Phoenix & Von Gontard, P.C., 385 F.3d 737 (7th Cir. 2004). (Dkt. entry no. 4, Pl. Br., at 1-2). The argument is without merit. Yeaw — in contrast to Hoagland wherein no officer of the defendant professional corporation was named as a defendant — is named as a defendant, and thus his citizenship is relevant. It also is apparent from the plaintiffs' allegations that Yeaw is indispensable to this action, and the plaintiffs cannot withdraw the claims asserted against him in order to manufacture jurisdiction. See DeBiasse v. Chevy Chase Bank Corp., 144 Fed.Appx. 245, 247 (3d Cir. 2005), cert. denied, 546 U.S. 1093 (2006).